IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO EVANS,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>    Defendant.<br>_____ | No. C 05-0028 MMC<br><br>**ORDER OF DISMISSAL; DENYING APPOINTMENT OF COUNSEL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket Nos. 2, 4 & 5)** |

    Alonzo Evans, a California parolee, has filed this pro se civil rights action, pursuant to 42 U.S.C. § 1983, against the State of California. He claims that the State of California "represents" the various agencies who were involved in his past revocation of parole and resulting incarceration. He has also applied for leave to proceed in forma pauperis.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

    Plaintiff's complaint fails for two reasons. First, the Eleventh Amendment bars from

the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state.  See <u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234, 241 (1985).  This Eleventh Amendment immunity also extends to suits against a state agency.  See <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156,1161 (9th Cir. 2003).  Second, even if plaintiff could name defendants who were not immune from suit, plaintiff may not challenge the validity of parole-revocation proceedings if he does not allege (and plaintiff does not so allege here) that the parole board's decision has been reversed, expunged, set aside or called into question.  See <u>Littles v. Bd. of Pardons and Paroles Div.</u>, 68 F.3d 122, 123 (5th Cir. 1995) (citing <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994)).

      Accordingly, plaintiff's claims are DISMISSED for failure to state a cognizable claim for relief.  In light of this dismissal, the request for appointment of counsel is DENIED.  In light of plaintiff's lack of funds, the application to proceed in forma pauperis is GRANTED.

      The Clerk shall close the file and terminate Docket Nos. 2, 4 and 5.

      IT IS SO ORDERED.

DATED: May 17, 2005

        /s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge

2